# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SUNTRUST BANK,**

              **Plaintiff,**

**-vs-**                                                                                          Case No.  6:10-cv-903-Orl-18DAB

**SORAYA TRUZMAN a/k/a SORAYA M.
TRUZMAN a/k/a SORAYA MASIP
TRUZMAN a/k/a SORAYA M. AZNAR,**

              **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 9)**
>
> **FILED:      July 8, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On June 9, 2010, Plaintiff SunTrust Bank filed suit against Defendant Sonia Truzman[1] for breach of an "Equity Line Account Agreement" secured by real property (the "Agreement"). Doc. No. 1-1. SunTrust Bank has filed a Proof of Service executed on June 10, 2010 (Doc. No. 6), to which Defendant's response was due on July 1, 2010. Defendant failed to respond and the Clerk

---

[1] Defendant was also sued under a number of aliases.

entered default on July 7, 2010. Doc. No. 8. SunTrust Bank filed its Motion for Default Judgment on July 8, 2010. Doc. No. 9. The matter is now ripe for resolution.

## ANALYSIS

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Service of the Defendant in this case was proper.

Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished in accordance with the procedure for service under the applicable state law:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – be served in a district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . .

Fed. R. Civ. Pro. 4(e)(1). Service of process on Defendant Sonia Truzman was made on her personally. Doc. No. 6.

Defendant failed to timely respond to the Complaint, and on July 7, 2010, SunTrust Bank filed a Motion for Clerk's Entry of Default against Defendant. Doc. No. 7. Upon motion of SunTrust Bank, the Clerk entered default against Defendant on July 7, 2010. Doc. No. 8. On July 8, 2010, SunTrust Bank filed its Motion for default judgment to enforce the Agreement against Defendant. Doc. No. 9.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default against her serves to admit the well pleaded allegations SunTrust Bank Complaint seeking to recover the principal and interest due under the Agreement, as well as for fees and costs incurred in collection. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

*Factual Background*

On July 19, 2006, SunTrust Bank and Defendant entered into a $100,000 Equity Line Account Agreement which was secured by a security interest in collateral described in the Mortgage[2] dated July 19, 2006. *See* Doc. No. 1-1 at 2-3. SunTrust Bank alleged that Defendant failed to make scheduled installment payments due under the Agreement in which she is in default and SunTrust elected to accelerate payment of the balance. Doc. No. 1 ¶ 8. Because default has been properly entered against the Defendant, she is deemed to have admitted the allegations made in SunTrust Bank's Complaint. Defendant has failed to pay the principal balance due under the Agreement, and she has defaulted under the terms of the Agreement.

SunTrust Bank is entitled to default judgment a matter of law against Defendant. Under the "Termination and Acceleration" section of the Agreement, SunTrust Bank had the authority to terminate the Credit Line Account and require that the entire outstanding balance be paid in one payment because of default, *i.e.*, Defendant did not meet the repayment terms of the Credit Application. Doc. No. 1-1 at 4. Under the Agreement, Defendant promised to pay SunTrust Bank the total of all credit advances according to the payment terms set forth in the Agreement under one of three options, all of which required a monthly payment by the due date on the monthly statement.

---

[2]There is no information regarding the Mortgage in the Complaint or Exhibits, however, SunTrust does not seek to foreclose the mortgage, but seeks only a money judgment on the amount due under the Agreement. Doc. 1 at 3 (prayer for relief).

Doc. No. 1-1 at 1. Under the "Default Remedies" section, in the event of a default, SunTrust Bank was authorized to exercise any and all rights contained in the Agreement, or provided to SunTrust Bank by law or equity. Doc. No. 1-1 at 4. SunTrust Bank is also entitled to "Collection Costs" including court costs and reasonable attorneys' fees as allowed by law[3]. SunTrust Bank has not yet moved to recover its attorneys' fees and costs.

Based on the records kept in the ordinary course of business, Nancy Johnson, a Consumer Finance Officer at SunTrust Bank, has stated by affidavit that Defendant is indebted to SunTrust Bank under the Agreement in the principal sum of $99,868.15, plus interest upon the principal, accruing at the rate of 8.00% from May 9, 2008, the date of the last payment, through date of judgment, for default on payments owed by Defendant to STB. *See* Doc. No. 9-1 (Nancy Johnson Aff.).

Because Defendant caused the default to occur under the Agreement by not making a monthly payment after May 9, 2008, SunTrust Bank is entitled to its damages under the terms of the Agreement. SunTrust Bank is entitled to a final judgment of the principal amount of $99,868.15 and interest at the rate of 8.00% from May 9, 2008 to August 6, 2010.

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that SunTrust Bank's Motion for Default Judgment be **GRANTED** and Final Judgment be entered for SunTrust Bank against Defendant on the Complaint (Doc. No. 1). SunTrust Bank is **DIRECTED** to submit a proposed final judgment with the current calculation of interest, and, by separate motion, any request for attorney's fees[4].

---

[3] The Agreement allows 15% of the principal and interest due as fees in the alternative.

[4] Costs sought to be reimbursed are to be submitted on a bill of costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 6, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy